THOMAS Y. BRENT, SON & Co. v. JAMES H. SHOUSE et al.—TWYMAN,
GOODLOE & HOSKINS, Intervenors.

A vendor's privilege does not apply to contracts made in a State where no such privilege exists ; even
if a portion of the goods were in New Orleans at the time of the contract—movables having no *situs,*
as a general rule.
The vendor's privilege on movables is unknown to the common law.

A PPEAL from the Third District Court of New Orleans, *Duvigneaud,* J.
G. P. *McPheeters,* for plaintiffs and appellants.  *Chas. A. Taylor* and *T. H·
Kennedy,* for defendants.

DUFFEL, J.    The parties to this suit were before us last year, on an appeal
from the following judgment : " In this case, for the reasons assigned in the writ-
ten opinion of the court this day delivered and on file :  It is ordered, adjudged
and decreed, that the plaintiffs' petition be dismissed ; that the attachment herein
issued be dissolved ; that the intervention herein filed by·*J. W. Twyman, J. R.
Goodloe* and *J. E. Hoskins,* be maintained ; and that the property attached be
delivered to them, and that plaintiffs pay all costs of suit." This judgment was
affirmed, with the single reservation " of the rights of the plaintiffs, as creditors
with the vendor's privilege." See reported case, 15 An. 110.

The debt of the plaintiffs having matured, they renewed their action by attach-
ment, citing all the parties to the original suit.

As the plaintiffs avowedly prosecute this action by reason of the reservation
made in our former decree, a recovery must necessarily depend on the proof of a
privilege.

All the parties in interest reside in the State of Kentucky, and the sale of the
movables herein attached was made in the place of their domicil.

The privilege claimed by the plaintiffs must, therefore, result from the laws of
Kentucky, for the vendor's privilege recognized under our Code does not apply to
such a case.

The fact that a portion of the goods conveyed was, at the date of the contract,
in New Orleans, does not alter the case, for, as a general rule, movables have no
*situs.*

Now it is in evidence that the common law is the basis of the jurisprudence of
Kentucky, and we all know that the vendor's privilege on movables is unknown
to the common law.  C. C. 10 ; *Whiston* v. *Stodder,* 8 M. 98 ; *Colt* v. *O'Callaghan,*
2 An. 984 ; *Copley* v. *Sanford,* 2 An. 335 ; Hennen's Dig. p. 1070, No. 28.

The case of *Beirne & Burnside* v. *Patton et al.* 17 L. 589, is an exception to the
general rule that movables have no locality, and has no application to the case
at bar, for in that case the plaintiffs were citizens of this State, pursuing rights
created in the State, while here they are all citizens of another State, attempting
to enforce obligations and contracts created in their own State.

We therefore conclude, that the District Judge properly rejected the claim of
the plaintiffs, but erred in condemning them to pay five per cent. per annum in-
terest on the amount attached in the hands of the garnishees, as also two hundred
dollars counsel's fees.  We do not think that this is a proper case for damages ; it

is not a case of injunction; the plaintiffs are not in possession of the funds attached, and they litigated their pretensions under a decree of this Court.

It is therefore ordered, adjudged and decreed, that the five per cent. per annum interest, and the two hundred dollars, allowed by the judgment of the District Court, be rejected, and that the judgment, amended as above, be affirmed, the appellees paying costs of appeal.